## Rock v. Times Sales Finance Corp.

*David C. Harrison,* for plaintiff.

*Samuel C. Nissenbaum,* for defendant.

SLOANE and SPORKIN, JJ., May 22, 1970.—This action in equity was heard to me as chancellor.

Plaintiff-husband seeks his alleged right, a one-half interest, in defendant corporation Morrell Tavern, Inc., whose sole asset, and its operation, is a "bar" and restaurant, with a restaurant business liquor license, known as Morrell Tavern, in Morrell Shopping Center, 3800 Morrell Avenue, Philadelphia.

Plaintiff-husband is a police officer of the Police Department, Philadelphia, and has been so employed as a police officer since 1954.

Plaintiff-husband, while a police officer, and his defendant-wife, Joan E. Rock, about January 1967, supplied all the funds to purchase the Morrell "bar" ($27,000) through a mortgage on their home ($18,000) and by loans, one loan with defendant, Time Sales Finance Corporation (The Time Sales' loan, $9,000,

was paid off and thus Time Sales, though named a defendant, is no longer in the case.) The shares in Morrell Tavern, Inc., were placed in part in the name of defendant Margaret W. Conway, plaintiff's mother-in-law.

Upon hearing, in equity, argument, briefs and consideration of the matter, I now find as above and as follows:

1. (a) Plaintiff-husband made his full share of investment in the asset of defendant Morrell Tavern, Inc., which leases and operates the "bar" and restaurant liquor license in the Morrell Shopping Center, 3800 Morrell Avenue, Philadelphia, and known as "Morrell Tavern."

(b) Defendant-wife, Joan E. Rock, made her full share of investment in the asset of defendant Morrell Tavern, Inc., which leases and operates the "bar" and restaurant liquor license in the Morrell Shopping Center, 3800 Morrell Avenue, Philadelphia, and known as "Morrell Tavern."

(c) Defendant, mother-in-law of plaintiff-husband, Margaret W. Conway, made no investment and has no financial interest, and is not entitled to any interest, financial or otherwise, in the asset of defendant Morrell Tavern, Inc., which leases and operates the "bar" and restaurant liquor license in the Morrell Shopping Center, 3800 Morrell Avenue, Philadelphia, and known as "Morrell Tavern."

2. (a) Plaintiff-husband is a police officer, employed by the City of Philadelphia as a police officer since 1954 to the present time.

(b) Plaintiff-husband, while a police officer, made investment as above stated.

(c) Plaintiff-husband violated the Liquor Code of Pennsylvania, Act of April 12, 1951, P. L. 90, particularly section 401 of article IV, 47 PS §4-401.

## CONCLUSION OF LAW

1. Plaintiff-husband is not entitled to relief since he violated section 401 of article IV of the Liquor Code of Pennsylvania, Act of April 12, 1951, P. L. 90, 47 P.S. §4-401, which provides, in pertinent part, as follows:

"No person who holds, either by appointment or election, any public office which involves the duty to enforce any of the penal laws of the United States of America or the penal laws of the Commonwealth of Pennsylvania or any penal ordinance or resolution of any political subdivision of this Commonwealth shall be issued any hotel or restaurant liquor license, nor shall such a person have any interest, directly or indirectly, in any such license."

And now, May 22, 1970, I enter the following

## DECREE NISI

1. Plaintiff-husband's complaint in equity is dismissed.

2. Each party bears own costs.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record. If no exceptions are filed within 20 days thereafter, the decree nisi shall be entered by the prothonotary, as the final decree, as of course.

## DISSENTING OPINION

WEINROTT, J., April 22, 1971.—In 1967, William C. Rock and his wife, Joan E. Rock, formed a corporation known as Morrell Tavern, Inc., which, among its other assets, included a liquor license. To finance the corporation, the couple mortgaged their residence held as tenants by the entireties in an amount of $18,000, secured a loan from Times Sales Finance

Corporation for $12,636, and obtained a loan from the Industrial Valley Bank in the amount of $5,405.28.

The loan from the Times Sales Finance Corporation was paid off entirely from the profits of the corporation. However, domestic problems developed and the couple were divorced which necessitated a sale of their residence. Substantially all of the $18,000 mortgage and the $5,405.28 loan from the Industrial Valley Bank were paid from the sale of the residence. Plaintiff's contribution to discharge the debts was $8,880.59 for the mortgage and $1,068.36 in satisfaction of the Industrial Valley Bank loan, or a total of $9,948.95.

Because plaintiff was under the impression that the Liquor Code prevented him from owning shares of stock in the corporation, said stock was held in the name of Joan E. Rock, plaintiff's wife. Due to the domestic difficulty, Mrs. Rock transferred the shares of stock representing plaintiff's interest to her parents, defendant Margaret W. Conway and her husband.

Plaintiff brought this action in equity seeking alternative relief, that is, either to declare that he had a one-half interest in the corporation or that he be awarded money damages of $9,948.95, plus interest from October 7, 1969, and costs.

The majority of the court found that plaintiff was the owner but denied him equitable and legal relief.

It seems to me that the parties and the majority of this court have assumed that simply because plaintiff was a policeman for the City of Philadelphia, that that status alone invokes the provisions of the Pennsylvania Liquor Code, 47 PS §4-401, which states, in essence, that no person who holds any public office which involves the duty to enforce any of the penal laws ". . . shall be issued any hotel or restaurant

liquor license, nor shall such a person have any interest, directly or indirectly, in such a license."

The simple fact of the matter is that a policeman is not a "public officer" within the meaning of the Liquor Code as set forth above and, therefore, cannot "hold a public office." A policeman is a "public employee" of the city and is not a "public officer" within the meaning of the laws of Pennsylvania; Vega, Appellant v. Burgettstown Borough, 394 Pa. 406, at page 413. That being so, the provisions of the Liquor Code simply do not apply to the case at bar.

I dissent for another reason. The majority fails to distinguish between an interest in a license and an interest in a corporation owning a license. If the majority be correct, then no judicial officer or any other public officer enforcing penal laws would be permitted to own common stock in corporations as U. S. Steel, General Motors, A. T. & T., Penn Central, or any of the other large public corporations which among all their assets contain liquor licenses. I simply cannot believe that the legislature had such an intent in enacting the Liquor Code. However, since the Liquor Code does not apply to the case at bar, this line need be pursued no further.

I would, therefore, enter judgment for plaintiff in the amount of $9,948.95, plus interest from October 7, 1969, and costs.